The State and Davidson County *v.* Hirsch Bros.

THE STATE AND DAVIDSON COUNTY *v.* HIRSCH BROS.

1. SUIT BY STATE AND COUNTY. *Authority for.* A bill filed on behalf of the State and county, signed by the attorney-general for the State and counsel for the county, is evidence sufficient of its being authorized by the State and county.

2. FAILURE TO ASSESS. *Mistake of law or fact.* Failure to assess property because of fraudulent misrepresentations, is not a mistake of law or fact, within the meaning of the act of 1879.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

ATTORNEY-GENERAL LEA and J. B. DANIELS for the State.

TAYLOR & WOODALL for Davidson County.

JOHN RUHM for Hirsch Bros.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed in the chancery court at Nashville, April 17, 1885. It alleges that defendants were merchants in Nashville from 1880 to 1884, inclusive, and as such liable for a privilege and an *ad volorem* tax for the largest amount invested in merchandise in each of said several years. The taxes for each of said years are set out as assessed. It is then alleged that defendants reported their stock for 1880, 1881, 1882 and 1883 at $20,000, and for 1884 at $25,000, as the amounts for which they were taxable. It is

charged in the bill that these several reports were false and fraudulent, and were made to escape taxation to which they were liable, and during each of those years their stock amounted to $150,000 to $200,000. These reports, it is alleged, were made with the deliberate purpose of defrauding complainants, and that the facts in relation thereto were not then known to complainants.

Defendants are called upon to state fully the largest amount of their stock during each of said years; to produce their books, and pray that an account be taken showing what was paid, and what should have been paid, and, on final hearing, for a decree for such sums as may be due them respectively.

Defendant, Lowenstein, pleads that he is not a partner in said firm, and complainants dismiss their bill as to him. The other defendants demurred to the bill:

1. Because there is no equity in it.

2. Because it is not signed by the attorney-general or other authorized person.

3. The same objection as to county.

4. They rely on statute of limitations of three years against taxes for 1880 and 1881.

As to the whole taxes claimed, they say the statute prescribes the mode of assessing such taxes, and the statutory mode is the only remedy; that the revenue act of 1883 repeals former acts, and the act of 1883 is repealed by the act of 1885, and that the bill does not show that the clerk did not know at the time of the several reports that they were falsely made by

defendants; nor that said reports were objected to by the clerk or attorney-general; nor that any steps were taken to have said reports corrected; nor why the statutory provisions were not complied with. The demurrer was overruled and defendants have appealed.

This suit is by the State, and county of Davidson, and the bill is signed by the attorney-general for the State and counsel for the county, and this is sufficient evidence of its being authorized by the State and county.

It is next insisted that the taxes for 1880 and 1881 are barred by the statute of limitations of three years, passed in 1885. That act is an amendment of the act of 1883, which amended the act of 1879, and applies to property not assessed by mistake of law or fact. The act of 1879 was held by this court, in *Otis* v. *Boyd*, 8 Lea, 679, not to authorize collectors to assess such omitted taxes beyond their own terms of office. And the act of 1883 allowed them to assess for any previous year, and the act of 1885 limited such assessments to three years anterior to their own terms. But the taxes sued for in this case are not of the class specified in the act of 1879, and the amendments of 1883 and 1885, as taxes omitted, to be assessed by mistake of law or of fact.

There was no mistake of law, as it specified the tax and its amount. And the fraudulent misrepresentation of the amount of tax due, can not be said to be a mistake of fact or error by the collector, within the meaning of the act of 1879.

Two statutes of limitations were passed in 1885. One provides that all taxes assessed on property, privileges

or polls shall be barred, unless collected, or suits are instituted to collect within six years from 1st of January of the year for which said taxes accrued: Acts of 1885, page 71.

The other act provides that all taxes *now due,* State, county, city, etc., for the collection of which *no suits have been commenced,* shall be barred in cases of taxes for 1878 and previous thereto, within one year from the passage of the act, and for taxes for 1879, up to and inclusive of the year 1884, within six years from the time they fell due: Acts of 1885, page 174.

The first act passed February 26, 1885, and the last March 31, 1885, and this suit was brought April 17, 1885.

It is next insisted that the statutory methods of collection are exclusive, and this court has no jurisdiction to grant the relief prayed.

In the case of *Mayor and Aldermen of Jonesboro* v. *McKee,* it was said that for any tax which the corporation, by its charter, was authorized to impose, it may bring a suit to collect. The power to lay and collect taxes must necessarily include all means to enforce collection, none of which is so effectual as a suit at law: 2 Yer., 170.

In the case of *Railroad Company* v. *The State,* it was argued, as in this case, where the statute imposing a tax prescribed a form of procedure for its collection, no other mode could be resorted to. But this court held when the assessment was lawfully made, the tax stands as a debt against the owner of the property, to be enforced either in the mode des-

ignated by the statute, or in any other legal mode.' All the tax-payer can claim, if he disputes the liability of the property to taxation, is a fair trial, in any court having jurisdiction. An action of debt may now be brought in the chancery court: 14 Lea, 62.

In the case of *The State* v. *Duncan*, where a bill was filed to sell real estate for taxes, which the bill concedes had been previously sold upon statutory proceedings probably irregular and void, it is said that needful remedies, not specifically prohibited, ought not to be denied to the government, where, upon similar facts, they would not be denied to individuals: 3 Lea,. 688, 689.

In the case of *Savings Bank* v. *United States*, where a tax of five per cent. on all undistributed earnings was imposed, and no assessment was made, the United States Supreme Court held, Justices Bradley and Field dissenting, that no other assessment than that made by the statute was necessary. And although the statute prescribed the mode of collection of the tax, an action of debt would lie to recover the same: 19 Wall., 240.

The language of the act of February, 1885, is that "all State, county," etc., *assessed* taxes that may *hereafter fall due*, shall be barred unless "suits for the collection shall have been instituted within six years": Acts of 1885, page 71.

In the act of March, 1885, the language is, all State, etc., taxes *now due*, for the collection of which no suits have been commenced, shall be barred, unless the same are collected or "suits for the collection be instituted," etc.: Acts of 1885, page 174.

Both acts containing language recognizing the right to institute a suit for the collection in one case of assessed taxes, in the other of taxes *due* at the time of the passage of the act, they are due when the act imposes them, and fixes the time of payment.

In this case the proper officer demanded a fixed per cent. on the property of defendants, which was then assessed, and but for their fraudulent misrepresentation of the amount of their property, as alleged, the assessment in full would have been made. The property was in fact assessed, but not fully, by reason of the misrepresentation, as charged, of defendants. Shall they be allowed, by their own wrongful act, to escape the liability imposed by the law? Upon such allegations, by an individual, of fraud and concealment, would not a court of equity take jurisdiction and grant relief? I think it ought to do so.

The statute fixed the amount of property and privilege tax to be paid, and all that is required is to ascertain what was the true amount of stock on hand. When the assessment was made it is alleged that this was largely under-estimated by defendants for the fraudulent purpose of avoiding the payment of what was then due, and thus, by deceiving the assessor, avoided doing what they were then bound to do.

The decree overruling the demurrer is affirmed, and the cause will be remanded for answer and further proceedings.